UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

ELIZABETH HAWKINS
10233 Woodson Drive
Overland Park, KS 66207

      Plaintiff,

v.                                        Case No. __13-cv-2165__ CM/KGS

EXPERIAN INFORMATION SOLUTIONS, INC.
**serve:** Registered Agent
       The Corporation Company
       112 SW 7th Street, Suite 3C
       Topeka, KS 66603

      Defendant.

## COMPLAINT

COMES NOW plaintiff Elizabeth Hawkins, by and through her undersigned counsel, who for her Complaint against Experian Information Solutions, Inc. ("**Experian**") states as follows:

### CASE SUMMARY

1. Ms. Hawkins' discovered that her consumer credit report contains false, negative credit entries. Accordingly, Ms. Hawkins provided to Experian irrefutable proof that the derogatory information on her credit report was inaccurate and false. Nevertheless, Experian obstinately refuses to correct its damaging and inaccurate credit reporting and refuses to undertake a genuine and reasonable reinvestigation into Ms. Hawkins' dispute.

### JURISDICTION & VENUE

2. This Court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p, and under 28 U.S.C. §§ 1331 and 1337. The events took place in this District.

### PARTIES

5. Elizabeth Hawkins resides in Overland Park, Johnson County, Kansas. She is a "consumer" as defined by FCRA, 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc., is a foreign corporation which is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

7. Experian assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. It uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

8. In or around early 2012, Ms. Hawkins discovered that Experian was erroneously reporting that she had a State of Kansas Department of Revenue tax lien. This false and negative entry on her credit report drastically reduced her credit worthiness and credit score.

9. On or about April 11, 2012, Ms. Hawkins contacted Experian by letter and told Experian that it was falsely reporting another person's tax lien on her credit report.

10. As an attachment to her letter, Ms. Hawkins provided a copy of a letter from the State of Kansas Department of Revenue that clearly and irrefutably stated that Ms. Hawkins did not have a State of Kansas tax lien.

11. Based on her letter and its attachments, Ms. Hawkins requested that Experian reinvestigate and correct her credit report.

12. On April 23, 2012, Experian reported the results of its reinvestigation into Ms. Hawkins' dispute. It reported to Ms. Hawkins that it would not reinvestigate Ms. Hawkins' dispute because, purportedly, the credit furnisher had previously verified the information's accuracy.

13. No credit grantor had previously verified the information's accuracy.

14. Experian did not review the letter from the Kansas Department of Revenue.

15. Experian continued to report the State of Kansas tax lien on Ms. Hawkins' credit report after April, 2012.

16. In early 2013, Ms. Hawkins sought a James B. Nutter mortgage refinance loan to obtain a lower fixed interest rate.

17. However, Ms. Hawkins was denied the mortgage refinance loan.

18. James B. Nutter informed Ms. Hawkins that she was denied the mortgage refinance loan because her Experian credit report reflected the State of Kansas Department of Revenue tax lien.

19. Experian failed to review and consider all relevant information submitted by Ms. Hawkins, including the letter from the State of Kansas Department of Revenue.

20. Experian failed to conduct a genuine and reasonable reinvestigation in response to Ms. Hawkins' dispute concerning the State of Kansas Tax lien.

21. Experian persists in reporting information that it knows or should know to be inaccurate and damaging to Ms. Hawkins.

22. If Experian had conducted a genuine and reasonable reinvestigation into Ms. Hawkins' disputes, it would have removed the State of Kansas tax lien from Ms. Hawkins' credit report and Ms. Hawkins could have refinanced her mortgage loan to obtain a lower fixed rate of interest and lower monthly payments.

23. Ms. Hawkins suffered actual damages, including:
   a. Damage to her credit rating;
   b. Lost opportunities to enter into a consumer credit transaction, including the opportunity to refinance her home at a lower interest rate and with lower monthly payments;
   c. Denial of credit;
   d. The difference in value between her present interest rate and the interest rate that Ms. Hawkins would have obtained had the State of Kansas tax lien been properly deleted from Ms. Hawkins' credit report;
   e. The cost of postage for sending her reinvestigation dispute;
   f. Lost time, lost sleep, aggravation, inconvenience, embarrassment and frustration;

**CLAIM FOR RELIEF**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681,** *et seq.*

24. Ms. Hawkins incorporates by reference each and every prior paragraph of this Complaint.

25. Experian failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information it reported concerning Ms. Hawkins.

26. Experian failed to review and consider all relevant information submitted by Ms. Hawkins, including unrebutted information; failed to conduct a genuine and reasonable reinvestigation in response to Ms. Hawkins' dispute; persists in reporting information that it knows or should know to be inaccurate and damaging; and fails to delete inaccurate information from Ms. Hawkins' credit report.

27. Experian's actions were willful, or, in the alternative, negligent violations of the Fair Credit Reporting Act.

28. Under the Fair Credit Reporting Act, Ms. Hawkins is entitled to the greater of actual damages or statutory damages; punitive damages; costs and reasonable attorneys' fees.

**WHEREFORE**, plaintiff Elizabeth Hawkins requests that this Court enter judgment against the Experian and in her favor for:

(A)   the greater of actual or statutory damages;

(B)   punitive damages;

(C)   attorney's fees and the costs of this action; and

(D)   such other and further relief as may be deemed just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the Court's Kansas City division of all issues triable by jury.

Respectfully submitted,

**CONSUMER LAW CENTER OF KANSAS CITY LLC**

*/s/ Larry A. Pittman II*
Larry A. Pittman II (D.Kan. 78034)
CONSUMER LAW CENTER OF KANSAS CITY LLC
700 E. 8th St., Ste. 300
Kansas City, MO  64106
(816) 581-3900
(816) 581-3909 fax
lpittman@clckc.com


**LAWSON LAW CENTER LLC**

*/s/Terry L. Lawson, Jr.*
Terry L. Lawson, Jr. (KS 20905)
LAWSON LAW CENTER LLC
700 E. 8th St. Ste. 300
Kansas City, MO 64106
816-802-6677
816-802-6678 fax
terry@llckc.com

ATTORNEYS FOR PLAINTIFF